**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MISAEL SANCHEZ-LOPEZ, | No. 10-73766 |
| Petitioner, | Agency No. A095-766-763 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Misael Sanchez-Lopez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's removal order.  We have jurisdiction under 8 U.S.C. § 1252.

We review de novo mixed questions of law and fact, and factual determinations

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

underlying this inquiry are reviewed for clear error. *United States v. Diaz-Juarez*, 299 F.3d 1138, 1140 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The agency did not clearly err in finding that the officer did not stop Sanchez-Lopez solely because of his race and that legitimate, non-racial factors motivated the officer's stop. *See United States v. Manzo-Jurado*, 457 F.3d 928, 936 (9th Cir. 2006); *Diaz-Juarez*, 299 F.3d at 1142; *cf. Gonzalez-Rivera v. INS*, 22 F.3d 1441 (9th Cir. 1994). Accordingly, the agency did not err in admitting Sanchez-Lopez's Form I-213 where he did not demonstrate that the Form I-213 was obtained through an egregious violation of the Fourth Amendment. *See Orhorhaghe v. INS*, 38 F.3d 488, 492-93 (9th Cir. 1994).

Sanchez-Lopez's challenge to 8 C.F.R. § 1240.26(i) is foreclosed by *Garfias-Rodriguez v. Holder*, 702 F.3d 504, 523-28 (9th Cir. 2012) (en banc).

We lack jurisdiction to review the agency's discretionary determination that Lopez-Sanchez failed to show exceptional and extremely unusual hardship to his qualifying relative. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). Lopez-Sanchez's contention that the agency applied the wrong legal standard is not supported by the record and does not amount to a colorable

10-73766

constitutional or legal challenge. *See id.* at 978-80 (this court lacks jurisdiction over abuse of discretion challenges to discretionary determinations cloaked as constitutional or legal questions).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**